| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John J. Stifter, SBN 186586<br>STIFTER LAW CORP<br>1181 Puerta del Sol, Suite 100<br>San Clemente, CA 92673<br>Telephone: (949) 388-8228<br>Facsimile: (949) 388-8229<br>Email: John@StifterCorp.com<br><br>☐ *Plaintiff(s) appearing without attorney*<br>☒ *Attorney for Plaintiff(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>TRENA LANGAN<br><br>           Debtor(s). | CASE NO.: 8:18-bk-12055-TA<br>CHAPTER: 7<br>ADVERSARY NO.: 8:18-ap-01183-TA |
| STEVEN SWARTZ<br><br>           Plaintiff(s),<br><br>     vs.<br><br>TRENA LANGAN<br><br>           Defendant(s). | **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)**<br><br>[No Hearing Required] |

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought (*specify name*): TRENA LANGAN

2. Plaintiff filed the complaint in this adversary proceeding on (*specify date*): 10/08/2018

3. The summons and complaint were served on Defendant by ☐ Personal Service ☒ Mail Service on the following date (*specify date*): 10/13/2018

4. A conformed copy of the executed service of summons form is attached hereto.

5. The time for filing an answer or other responsive pleading expired on (*specify date*): 11/08/2018

6. No answer or other responsive pleading has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.

Date: 11/19/2018

         *Signature*

         John J. Stifter
         *Printed name of Plaintiff or attorney for Plaintiff*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1  John J. Stifter, SBN 186586
   STIFTER LAW CORP
2  1181 Puerta del Sol, Suite 100
   San Clemente, CA 92673
3  Telephone: (949) 388-8228
4  Facsimile: (949) 388-8229
   Email: John@StifterCorp.com
5
6  Attorneys for Plaintiff,
   STEVEN SWARTZ
7

8              **UNITED STATES BANKRUPTCY COURT**
9       **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**
10

| 11 | In re | ) | Case No. 8:18-bk-12055-TA |
| 12 | TRENA LANGAN | ) | Chapter 7 |
| 13 | Debtor. | ) | Adv. Proc. No. 8:18-ap-01183-TA |
| 14 | STEVEN SWARTZ, | ) | DECLARATION OF JOHN J. STIFTER, IN SUPPORT OF REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a) |
| 15 | Plaintiff, | ) | |
| 16 | | ) | [NO HEARING REQUIRED] |
| 17 | v. | ) | |
| 18 | TRENA LANGAN, | ) | |
| 19 | Defendant. | ) | |

20

21              **DECLARATION OF JOHN J. STIFTER**

22      I, John J. Stifter, declare:

23      1.      I am counsel for the Plaintiff, Steven Swartz, in this adversary proceeding. If

24  called as a witness, I could and would competently testify thereto.

25      2.      Trena Langan ("Defendant") was served pursuant to Fed.R.Bankr.P. 7004 on

26  October 13, 2018 as evidenced by the proof of service on file with this Court.

27

28

3.      Under Fed.R.Bankr. P. 7012, Defendant was required to plead or otherwise respond to the complaint by November 8, 2018. The time to plead or otherwise respond to the complaint has not been extended by any agreement of the parties or any order of the Court.

4.      Defendant has failed to serve or file a pleading or otherwise respond to the complaint. The applicable time limit for responding to the complaint has expired.

5.      I am informed and believe the Defendant is not a minor or an incompetent person.

6.      The Defendant's Schedule I discloses that she is employed as a gymnastics coach with Wildfire Gymnastics, as such the Defendant is not currently in military service, and therefore the Servicemembers Civil Relief Act does not apply.

7.      I attach here a true and correct copy of the proof of service of the Summons and Complaint served on Defendant and that was filed with this Court in the within adversary proceeding.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on November 19, 2018, at San Clemente, California.

John J. Stifter

DECLARATION OF JOHN J. STIFTER IN SUPPORT OF REQUEST
FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John J Stifter<br>Stifter Law Corp<br>1181 Puerta del Sol Ste 100<br>San Clemente, CA 92673<br><br>949–388–8228<br><br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br>Trena Langan<br><br><br>Debtor(s). | CASE NO.:  8:18–bk–12055–TA<br><br>CHAPTER:  7<br><br>ADVERSARY NUMBER: 8:18–ap–01183–TA |
|---|---|
| Steven Swartz<br><br>Plaintiff(s)<br>Versus<br>Trena Langan<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **11/08/2018.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **January 3, 2019** |
| **Time:** | **10:00 AM** |
| **Hearing Judge:** | **Theodor Albert** |
| **Location:** | **411 W Fourth St., Crtrm 5B, Santa Ana, CA 92701** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                                Page 1                                **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>October 9, 2018</u>

By: <u>    "s/" Sally Daniels    </u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004–1.SUMMONS.ADV.PROC**

1    John J. Stifter, SBN 186586
     STIFTER LAW CORP
2    1181 Puerta del Sol, Suite 100
3    San Clemente, CA 92673
     Telephone: (949) 388-8228
4    Facsimile: (949) 388-8229
     Email: John@StifterCorp.com
5

6    Attorneys for Plaintiff,
     STEVEN SWARTZ
7

8

9                  UNITED STATES BANKRUPTCY COURT

10       CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

11   In re                          )   Case No.  8:18-bk-12055-TA
                                     )
12   TRENA LANGAN                    )   Chapter 7
                                     )
13                      Debtor.      )   Adv. Proc. No.
     _____)
14                                   )   PLAINTIFF'S COMPLAINT TO
     STEVEN SWARTZ,                  )   DETERMINE DISCHARGEABILITY OF
15                                   )   DEBT UNDER SECTIONS 523(a)(2),
                        Plaintiff,   )   523(a)(4), AND 523(a)(6) OF THE
16                                   )   BANKRUPTCY CODE
                                     )
17   v.                              )
                                     )
18   TRENA LANGAN,                   )
                                     )
19                      Defendant.   )
     _____)
20

21          Plaintiff, Steven Swartz ("Plaintiff"), as creditor of the bankruptcy estate *In re Trena*

22   *Langan*, Case No. 8:18-bk-12055-TA, who holds an unsecured claim in the approximate amount

23   of $352,865.90, not including pre-petition and post-petition interest and post-judgment interest,

24   respectfully represents and alleges with his *Complaint* ("*Complaint*") as follows:

25                  STATEMENT OF JURISDICTION AND VENUE

26          1.      This Court has jurisdiction over this adversary proceeding ("Adversary

27   Proceeding") pursuant to 28 U.S.C. §§ 159 and 1134, and 11 U.S.C. §§ 523 and 727 of the

28   Bankruptcy Code. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

2.      Venue for this Adversary Proceeding properly lies in this Judicial District in that this civil proceeding arises under Title 11 of the United States Code as provided under 28 U.S.C. § 1409.

3.      This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy case of *In re Trena Langan*, Case No. 8:18-bk-12055-TA on the docket of this Court. The Debtor/Defendant Trena Langan's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, on June 6, 2018.

4.      Plaintiff is a creditor of the Debtor/Defendant Trena Langan's bankruptcy estate in the collective amount of approximately $352,865.90, not including pre-petition and post-petition interest and post-judgment interest.

5.      The Debtor/Defendant's mailing address as stated on the Court's docket as of October 4, 2018 is:

105 Sanctuary
Irvine, CA 92620

6.      The Defendant/Debtor Trena Langan is represented by counsel in this bankruptcy case as follows:

Rajiv Jain
Jain Law Group
8 Corporate Park, Suite 300
Irvine, CA 92602

**STATEMENT OF STANDING**

7.      The Plaintiff, as a creditor of the Debtor Trena Langan's bankruptcy estate, has standing to prosecute this Adversary Proceeding under 11 U.S.C. § 523.

**GENERAL ALLEGATIONS**

8.      Plaintiff is informed and believes and thereon alleges the following facts to justify that its claim of approximately $352,865.90, not including additional attorneys' fees, and any and all pre-petition and post-petition interest, and post-judgment interest at the applicable non-Bankruptcy law rate of 10% per annum pursuant to Code of Civil Procedure section 685.010,

against the Debtor/Defendant, Trena Langan shall be deemed non-dischargeable under Sections 523(a)(2), 523(a)(4), and/or 523(a)(6) of the Bankruptcy Code.

## FACTUAL ALLEGATIONS

9.     On or about November 22, 2013, Plaintiff filed in the Superior Court of California, County of Orange (Case No. 30-2013-00690473-PR-TR-CJC), a Petition to Determine Existence of Trust and Compelling Notification by Trustee and for Production of Trust and to Provide Information About Trust and for Accounting and for Trust Distributions and to Compel an Accounting by Attorney in Fact and for Attorney's Fees (the "Petition").

10.     Said Petition was amended on June 18, 2014, when Plaintiff filed his First Amended Petition to Compel Notification by Trustee of Trust and to Provide Information about Trust; for Accounting and for Trust Distributions; for Breach of Trust; to Impose Constructive Trust; for Financial Elder Abuse; and for Removal of Trustee and to Appoint Successor Trustee (the "Amended Petition").

11.     Plaintiff's Amended Petition alleged, among other things, that:

a.     Trena Langan is the granddaughter of Shirlee Hilda Kandle (the "Trustor");

b.     The Trustor executed a Trust entitled the Shirlee Kandle Revocable Family Trust dated December 22, 1993, as amended (the "Trust");

c.     The Trustor died on June 4, 2010, at which time, Trena Langan was acting as the successor Trustee of the Trust;

d.     Prior to the Trustor's death, Trena Langan was also the attorney in fact under a Durable Power of Attorney for the Trustor;

e.     While acting as the successor trustee of the Trust and as the attorney in fact for the Trustor, Trena Langan was acting in a fiduciary capacity;

f.     Trena Langan breached her fiduciary duties to the Trustor and Trust beneficiaries, and committed financial elder abuse against the Trustor when she used Trust assets to make high risk investments, failing to adequately diversify such assets, misappropriated, used and expended significant amounts of Trust assets, and the Trustor's assets, for her own personal

benefit and to the detriment of the Trustor and the Trust, and failed to account to the Trust

beneficiaries for the assets of the Trust and Trustor; and

g.   Trena Langan used undue influence against the now deceased elderly Trustor

to take control of the Trustor's financial affairs, taking over all aspects of the Trustor's life,

isolating the Trustor from her family and preventing her from contacting family members, and

disposing of the Trustor's assets imprudently or to benefit Trena Langan, all at a time when the

Trustor was aged and infirm and shortly before her death.

12.    A true and correct copy of the Amended Petition is attached hereto as Exhibit A.

13.    Debtor/Defendant, Trena Langan did not file any objections to the Petition nor

Amended Petition.

14.    On or about May 8, 2015, a trial was held on Plaintiff's Amended Petition and

Judgment (the "Judgment") was entered in Plaintiff's favor and against Debtor/Defendant, Trena

Langan as follows:

a.    Damages in the amount of $318,477.90 pursuant to <u>Probate Code</u> section

859;

b.    Attorney fees in the amount of $29,665.00;

c.    Costs in the amount of $4,723.00; and

d.    Trena Langan was removed as trustee of the Trust.

15.    A true and correct copy of the Judgment is attached hereto as Exhibit B.

## FIRST CAUSE OF ACTION

### [11 U.S.C. § 523(a)(2)(A)]

16.    Plaintiff, alleges and incorporates by reference, Paragraphs 1 through 15, and all

sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

17.    Pursuant to 11 U.S.C. § 523(a)(2)(A), the Court shall except from the

Debtor/Defendant Trena Langan's discharge any debt:

(a) A discharge under section 727, 1141, 1228(a),
1228(b), or 1328(b) of this title does not discharge
an individual debtor from any debt–

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

(A) <u>false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.</u> (Emphasis added.)

18.    Plaintiff is informed and believes and thereon alleges that Debtor/Defendant Trena Langan obtained Trust assets and assets of the Trustor by fraud, false pretenses and/or false representation in the approximate amount of $318,477.90.

19.    Plaintiff is informed and believes and thereon alleges that its claims in the approximate amount of $318,477.90, plus pre-petition and post-petition interest, and post-judgment interest at the applicable non-Bankruptcy law rate of 10% per annum pursuant to <u>Code of Civil Procedure</u> section 685.010, against Debtor/Defendant Trena Langan should be deemed non-dischargeable under Section 523(a)(2)(A).

## SECOND CAUSE OF ACTION

## [11 U.S.C. § 523(a)(4)]

20.    Plaintiff alleges and incorporates by reference Paragraphs 1 through 19, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

21.    Section 523(a)(4) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

(4) <u>for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;</u>– (Emphasis added.)

22.    Plaintiff is informed and believes and thereon alleges that Debtor/Defendant, Trena Langan obtained Trust assets and assets of the Trustor by fraud and/or defalcation while acting in a fiduciary capacity to the Trustor and Trust beneficiaries.

23.    Plaintiff is informed and believes and thereon alleges that Debtor/Defendant Trena Langan committed fraud and/or defalcation while acting in a fiduciary capacity, and/or

embezzlement and/or larceny with regard to the Trust assets and Trustor's assets because the

damages portion of the Judgment on Plaintiff's Amended Petition was entered pursuant to

Probate Code section 859, which states in pertinent part:

> If a court finds that a person has in bad faith
> wrongfully taken, concealed, or disposed of
> property belonging to … an elder, a dependent
> adult, [or] a trust … or has taken, concealed, or
> disposed of the property by the use of undue
> influence in bad faith or through the commission of
> elder or dependent adult financial abuse, as defined
> in Section 15610.30 of the Welfare and Institutions
> Code, the person shall be liable for twice the value
> of the property recovered by an action under this
> part.

24.    Plaintiff is informed and believes and thereon alleges that all of its claims totaling

approximately $352,865.90, plus pre-petition and post-petition interest, and post-judgment

interest at the applicable non-Bankruptcy law rate of 10% per annum pursuant to Code of Civil

Procedure section 685.010, should be deemed non-dischargeable under Section 523(a)(4) of the

Bankruptcy Code.

### THIRD CAUSE OF ACTION

### [11 U.S.C. § 523(a)(6)]

25.    Plaintiff alleges and incorporates by reference Paragraphs 1 through 24, and all

sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

26.    Section 523(a)(6) of the Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, 1228(a),
> 1228(b), or 1328(b) of this title does not discharge
> an individual debtor from any debt–
>
> (6) for willful and malicious injury by the debtor to
> another entity or to the property of another entity;–
> (Emphasis added.)

27.    Plaintiff is informed and believes and thereon alleges that Debtor/Defendant,

Trena Langan's actions with respect to Trust property and property of the Trustor were willful

and malicious and caused injury to such property.

28.     Plaintiff is informed and believes and thereon alleges that all of its claims totaling approximately $352,865.90, plus pre-petition and post-petition interest, and post-judgment interest at the applicable non-Bankruptcy law rate of 10% per annum pursuant to <u>Code of Civil Procedure</u> section 685.010, should be deemed non-dischargeable under Section 523(a)(6) of the Bankruptcy Code.

## ON ALL CAUSES OF ACTION

Plaintiff prays for judgment under Sections 523(a)(2), 523(a)(4), and 523(a)(6) of the Bankruptcy Code against Debtor/Defendant, Trena Langan as follows:

1.     That Plaintiff's aggregate claims in the approximate amount of $352,865.90, plus pre-petition and post-petition interest, and post-judgment interest at the applicable non-Bankruptcy law rate of 10% per annum pursuant to <u>Code of Civil Procedure</u> section 685.010, against Debtor/Defendant Trena Langan be deemed non-dischargeable under Sections 523(a)(2), 523(a)(4), and/or 523(a)(6) of the Bankruptcy Code; and

2.     For all other further relief as allowed by the Court.


STIFTER LAW CORP

DATED: 10/8/2018     By: _____
                                              John J. Stifter
                                              Attorneys for Plaintiff, STEVEN SWARTZ

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

**Exhibit A**

HEARING SET FOR:

Case 8:18-ap-01133-TA    Doc 51    Filed 10/18/18    Entered 10/18/18 10:55:22    Desc
Main Document    Page 14 of 49

DEPT. NO    C4    AT
700 CIVIC CENTER DRIVE WEST
SANTA ANA CA

JOHN J. STIFTER, ESQ. SBN 186586
Stifter Law Corp.
1181 Puerta del Sol
Suite 100
San Clemente, California 92673
Telephone: (949) 388-8228
Facsimile: (949) 388-8229
Email: John@StifterCorp.com

Attorneys for Petitioner

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

06/18/2014 at 10:56:00 AM

Clerk of the Superior Court
By Michael Porter,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL DISTRICT

| | |
|---|---|
| In the Matter of the: | Case No.: 30-2013-00690473 |
| | **FIRST AMENDED PETITION TO COMPEL NOTIFICATION BY TRUSTEE OF TRUST AND TO PROVIDE INFORMATION ABOUT TRUST; FOR ACCOUNTING AND FOR TRUST DISTRIBUTIONS; FOR BREACH OF TRUST; TO IMPOSE CONSTRUCTIVE TRUST; FOR FINANCIAL ELDER ABUSE; AND FOR REMOVAL OF TRUSTEE AND TO APPOINT SUCCESSOR TRUSTEE** |
| SHIRLEE KANDLE REVOCABLE FAMILY TRUST, dated December 22, 1993 | |
| STEVEN SWARTZ, Petitioner | |
| vs. | **[Probate Code §§ 859, 15642, 16004(a), 16061, 16061.5, 16061.7, 16061.9, 16062, 16420, 17200, Welfare & Institutions Code §§ 15657.5, 15610.30, ]** |
| TRENA L. LANGAN, Respondent | Date: 08/26/2014<br>Time: 9:00 AM<br>Dept: C4 |

Petitioner, Steven Swartz, hereby alleges as follows:

1. Shirlee Hilda Kandle, (the "Decedent" or "Trustor") died on June 4, 2010. At the time of her death, Decedent was a resident in Orange County, California.

2. Plaintiff is informed and believes and thereon alleges that the Decedent executed a Trust entitled the Shirlee Kandle Revocable Family Trust dated December 22, 1993 Trust, as

– 1 –

amended (the "Trust").  Plaintiff is informed and believes that respondent Trena L. Langan, the granddaughter of the decedent, is the successor Trustee and currently acting Trustee of the Trust.

3.  Petitioner is informed and believes and thereon alleges that Trena L. Langan, the current acting Trustee of the Trust, resides at 657 Cantor, Irvine, CA 92620 and that the principal place of administration of the Trust has been and now is 657 Cantor, Irvine, Orange County CA.

4. Petitioner is the son of the Decedent and an heir at law of the Decedent.  Decedent was not married at the time of her death.  Petitioner has never received the required notification under Probate Code Section 16061.7.

5.  Petitioner is informed and believes and thereon alleges that at all times herein mentioned, certain property has been and now is being held by Trena L. Langan as trustee of the Trust under the terms and provisions of the Trust and that such property is located in Orange County, California.

6.  Attached hereto as Exhibit A is what Petitioner is informed and believes is a true and correct copy of the Shirlee Kandle Revocable Family Trust Dated December 22, 1993, as amended.

**REQUEST FOR ACCOUNTING AND NOTICE DISCLOSURES UNDER LAW**

6.  An actual controversy has arisen and now exists between Petitioner and Respondent in that Petitioner contends that he is a beneficiary under the Trust and is entitled to receive notice under Probate Code Sections 16061.5 and 16061.7 as an heir at law of the Decedent, but Respondent refuses and continues to refuse to give the required statutory notice to Petitioner.  Probate Code Sections 16061, 16061.5, 16061.7, 16061.9 and 17200, among other provisions, variously require that the Trustee provide notice, information about the Trust and an accounting of the Trust to Petitioner, all of which Respondent refuses to do.

**REQUEST FOR ACCOUNTING UNDER POWER OF ATTORNEY**

7.  Plaintiff is also informed and believes and thereon alleges that Trena Langan was the attorney in fact under a Durable Power of Attorney for Shirlee Kindle.  Further, plaintiff alleges that on or about March 24, 2005, Trena Langan, acting as agent under such Power of Attorney, sold the Decedent's property located in Mission Viejo, CA, APN 808-442-34.  Petitioner only

- 2 -

recently became aware of said sale.  Subsequently, Petitioner is informed and believes that Shirlee Kindle was placed in a nursing home in Orange County, California.  Petitioner has requested an accounting from Respondent for her actions as attorney-in-fact for Decedent, regarding the sale of the home and the disposition of the proceeds of the sale of the Mission Viejo residence.  More than 60 days have passed since the accounting has been requested.  Petitioner is informed and believes and thereon alleges that the failure to account is without reasonable cause or justification.

## **BREACH OF TRUST**

8.  Plaintiff is informed and believes and thereon alleges that while Respondent acted as Co-Trustee of the Trust during the lifetime of the now deceased elderly Trustor, that she imprudently invested Trust assets in a restaurant business and other high risk financial investments.  Such investments were improper in that Respondent failed to diversify the investments of the Trust, failed to investigate the purported restaurant business to determine if it was an appropriate investment, given that restaurants are highly risky investments, engaged in self-dealing transactions, and may have made investments primarily to benefit the Respondent Trustee rather than the elderly trustor and the other Trust beneficiaries.  Respondent failed to exercise reasonable care, skill and caution as required under the Uniform Prudent Investor Act, Probate Code § 16047(a).

9.  As a proximate result of Respondent's breach of trust, there has been a loss or depreciation in the value of the Trust estate and Respondent may have made an undue profit or a profit that should have accrued to the Trust.

10.  Accordingly, Respondent Trustee should be compelled to redress her breach of trust by payment of money damages according to proof, plus interest at the legal rate.

## **UNDUE INFLUENCE; IMPOSITION OF CONSTRUCTIVE TRUST**

11.  Decedent Trustor was age 65 or older at all times relevant to this action.

12.  At all times relevant to this action, Respondent had a confidential and fiduciary relationship with the Decedent Trustor, in that Respondent acted as Co-Trustee with decedent Trustor during her lifetime, acted as sole Trustee after the death of the Trustor, acted as agent for

- 3 -

Trustor under a durable power of attorney, and was the grandchild of the Trustor.

13.  Petitioner is informed and believes, and thereon alleges, that the Trustor did not have sufficient mental capacity to understand Respondent's actions in making highly risky Trust investments and in distributing Trust assets.  Further, Respondent sold Trustor's real property under a Power of Attorney while Trustor was still alive, implying that Trustor was incompetent or unable to sign real estate documents, or to hide such actions from Trustor.  Petitioner is informed and believes, and thereon alleges, that the Trustor was unable to understand and recollect the nature and extent of Trustor's property and remember and understand her relationship to her family members.

14.  Petitioner is informed and believes, and thereon alleges, that the investments made by Respondent and the deceased Trustor as Co-Trustees during her lifetime occurred as a result of undue influence exerted by Respondent over Trustor.  The undue influence consisted of Respondent taking over Decedent's financial affairs, taking over all aspects of Decedent's life, isolating Decedent from her family and preventing her from contacting family members and disposing of Decedent's assets imprudently or to benefit Respondent, all at a time when the Trustor was aged and infirm and shortly before her death.  Such taking was for a wrongful use by Respondent.

15.  By virtue of Respondent's exertion of undue influence over Trustor, Respondent holds title to any remaining assets of the Trust as a constructive trustee of the benefit of the other persons entitled to distribution of the Trust assets and any other assets of the Decedent.

## **FINANCIAL ELDER ABUSE**

16.  Respondent is informed and believes, and thereon alleges, that Respondent took and misappropriated Decedent Trustor's assets by undue influence as previously described in paragraphs 11 through 14 herein, which are incorporated herein by reference.

17.  Respondent knew or should have known that her conduct was likely to be harmful to Decedent and the Trust.

18.  Respondent's conduct constitutes financial elder abuse under Welfare and Institutions Code § 15657.5 as defined in Welfare and Institutions Code § 15610.30.

- 4 -

PETITION TO DETERMINE EXISTENCE OF TRUST, ETC.

19.  Under Welfare and Institutions Code § 15657.5(a), Respondent is liable to Petitioner for reasonable attorney's fees and costs.

### REMOVAL OF TRUSTEE AND APPOINTMENT OF SUCCESSOR TRUSTEE

20.  Petitioner requests that the Court remove the Respondent as Trustee of the Trust pursuant to its authority under Probate Code § 15642 because Respondent as Trustee (1) breached her fiduciary duty to reasonably inform the beneficiaries or to account to them, (2) the Trustee is substantially unable to manage the Trust's financial resources since the Trustee has substantially or totally dissipated the Trust's assets in the amount of several hundred thousands of dollars, (3) the Trustee is unable to or refuses to properly execute the duties of the Trustee by engaging in self-dealing transactions and highly risky investments.

21.  Petitioner requests that the Court appoint Petitioner as successor Trustee without bond.  Petitioner's consent to serve as successor Trustee will be filed herein.

22.  Petitioner believes that his appointment as successor Trustee is in the best interests of the Trust and of those persons interested in the Trust since Petitioner will have the power, authority and motivation to investigate the prior actions of Respondent Trustee, who admits that virtually all of the assets of the Trust have been dissipated by her, without explanation.

23. Petitioner is further informed and believes and thereon alleges that the Trustee, Trena L. Langan, has acted in bad faith by misappropriating trust assets and the income derived therefrom for her own personal use to the detriment of the Petitioner in violation of her duties as Trustee and that she should be removed as Trustee at the earliest possible date.

24.  The names and addresses of the persons entitled to notice of this Petition are as follows:

| Name | Address |
|------|---------|
| Trena L. Langan, Trustee, Granddaughter | 657 Cantor, Irvine, CA 92620 |
| Steven Swartz, Son | 1602 Via Calendula, San Clemente, CA 92673 |
| Deborah Ellen McIntyre, Daughter | 1286 Rosemary Circle, Corona CA 92879 |
| Kyle Swartz, Grandson | 1602 Via Calendula, San Clemente, CA 92673 |

- 5 -

PETITION TO DETERMINE EXISTENCE OF TRUST, ETC.

WHEREFORE, Petitioner prays for an order:

1. Compelling Trena L. Langan to give the required statutory notice under Probate Code Section 16061.7;

2. To provide additional disclosures required by Probate Code Sections 16061, 16061.5, 16062 and 17200 depending on the terms and provisions of the Trust;

3. If shown according to proof, declaring that Trena L. Langan is now and at all times herein has been holding "trust property" in constructive trust for the benefit of Petitioner under the terms of the Trust;

4. Compelling Trena L. Langan to account fully for all Trust property;

5. If shown according to proof, to make all payments of Trust principal and income required by the terms of the Trust to Petitioner;

6. Compelling Respondent to submit an accounting respecting Shirlee Kindle's property over which Respondent has had control as her agent under a durable power of attorney from January 21, 2004 until now;

7. Compelling Respondent to make restitution for Decedent's property that was expended for Respondent's own purposes and was not used for the benefit and use of the Decedent;

8. For damages for breach of trust according to proof;

9. For damages for financial elder abuse according to proof;

10. For removal of Trena L. Langan as Trustee and appointment of Steven Swartz as successor Trustee, without bond;

11. For attorney's fees and damages under Probate Code Section 16061.9 and Welfare and Institutions Code Section 15657.5 (a) and other provisions for failure to serve the notification required by Probate Code Section 16061.7 and for financial elder abuse;

12. If shown according to proof, that Trena L. Langan be surcharged for the losses suffered by the Trust as a result of her breach of fiduciary duty in administration of the Trust.

13. If shown according to proof, that Trena L. Langan has misappropriated Trust assets for her own personal use, she be ordered to return said assets at the earliest possible date.

14. If shown according to proof, that Trena L. Langan has misappropriated Trust assets for

PETITION TO DETERMINE EXISTENCE OF TRUST, ETC.

her own personal use, that the court find that actions by Trena L. Langan have been undertaken in bad faith entitling Petitioner to exemplary and punitive damages as well as twice the value of the property withheld / misappropriated in bad faith pursuant to the provisions of Probate Code § 859.

    15. For all costs herein; and

    16. For such other orders as the court may deem proper.

STIFTER LAW CORP.

Dated: 6/17/14

By John J. Stifter, Attorney for Petitioner

PETITION TO DETERMINE EXISTENCE OF TRUST, ETC.

**VERIFICATION**

I, STEVEN SWARTZ, am the Petitioner in this proceeding. I have read the foregoing Fist Amended Petition to Determine Existence of Trust and Compelling Notification by Trustee and to Provide Information About Trust; for an Accounting and for Trust Distributions; for Breach of Trust; to Impose Constructive Trust; for Financial Elder Abuse; and For Removal of Trustee and to Appoint Successor Trustee and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ___17TH___ day of ___JUNE___, 2014 at ___SAN Clemente___, California.

Steven Swartz

PETITION TO DETERMINE EXISTENCE OF TRUST, ETC.

# Exhibit A

## SEVENTH AMENDMENT AND FULL RESTATEMENT
## OF THE SHIRLEE KANDLE REVOCABLE FAMILY TRUST
## DATED DECEMBER 22, 1993 AS AMENDED

(1)     This Seventh Amendment and Full Restatement of the SHIRLEE KANDLE
REVOCABLE FAMILY TRUST dated December 22, 1993, as amended on 4/22/94, 5/9/97, 6/8/99,
2/8/2000, 12/17/01 and 7/24/04 (TRUST) is made by SHIRLEE KANDLE as the Settlor and the
Trustee as of <u>May 25, 2006</u>. The Trustee acting with regard to a particular trust
regardless of number of Trustees shall be referred to in this instrument as "Trustee." "Trustee" shall
include "successor Trustee" where applicable.

S.K.

(2)     This Seventh Amendment to and Full Restatement restates and amends in its entirety
the SHIRLEE KANDLE REVOCABLE FAMILY TRUST dated December 22, 1993 as amended.
Said Declaration of Trust is now hereby amended in its entirety pursuant to the terms of the original
TRUST. It is the intention of the Settlor that this document shall replace and supersede all previous
documents and that this document shall now reflect the terms and provisions of the SHIRLEE
KANDLE REVOCABLE FAMILY TRUST dated December 22, 1993 as amended as of this date.

\* \* \*

# ARTICLE 1

## ESTABLISHMENT OF TRUST

1.1  CREATION OF NEW TRUST: This trust shall be known as the SHIRLEE KANDLE REVOCABLE FAMILY TRUST dated December 22, 1993 AS RESTATED AND AMENDED as of May 25, 2006 ("Trust").

*S,K*

1.2  SETTLOR: SHIRLEE KANDLE, the Settlor of this Trust is a United States citizen and a resident of Orange County, California.

1.3  TRUSTEE: SHIRLEE KANDLE and TRENA LANGAN shall be the initial co-Trustees of this Trust. If SHIRLEE KANDLE shall, for any reason, cease to act as Trustee, TRENA LANGAN shall continue to act as sole Trustee. If TRENA LANGAN shall, for any reason, cease to act, then DEBORAH McINTYRE shall become and act as successor co-Trustee with SHIRLEE KANDLE. If DEBORAH E. McINTYRE shall, for any reason, fail to qualify or cease to act, then STEVEN A. SWARTZ shall become and act as successor co-Trustee with SHIRLEE KANDLE. If both SHIRLEE KANDLE and TRENA LANGAN shall, for any reason, cease to act, then the following persons shall become and act as successor Trustee in the order named:

DEBORAH E. McINTYRE
STEVEN A. SWARTZ

The Trustee acting with regard to a particular trust regardless of number of Trustees shall be referred to in this instrument as "Trustee." "Trustee" shall include "successor Trustee" where applicable. If no successor Trustee is designated to act in the event of the death, incapacity or written resignation of the Trustee then acting, or no successor Trustee accepts the office, the Trustee then acting may appoint a successor Trustee. If no such appointment is made, the majority of the adult beneficiaries entitled to distribution from this Trust may appoint a successor Trustee.

1.4  INTENTIONS: SHIRLEE KANDLE, the Settlor, intends, by this instrument, to create a revocable trust in accordance with the laws of the State of California to hold the Settlor's property for the Settlor's benefit during the Settlor's lifetime and to provide for the named beneficiaries upon the death of the Settlor.

1.5  MARITAL STATUS: The Settlor is a widow.

1.6  CHILDREN: The Settlor has two (2) children living, namely, DEBORAH E. McINTYRE and STEVEN A. SWARTZ, both adults. The Settlor has no deceased children and no issue of a deceased child surviving. The Settlor has one stepson, namely, RONALD KANDLE, an adult.

1.7  ASSIGNMENT OF ASSETS: Simultaneously with the execution of this Declaration of Trust, the Settlor is depositing with the Trustee the property listed in Schedule "A", IN TRUST, and

-2-

the Trustee acknowledges receipt of such property. Additional property may be added to this Trust, at any time, and from time to time, by the Settlor or by any person or persons, by inter vivos or testamentary transfer or by insurance contract or trust designation. All property now received or hereafter added to this Trust shall constitute the trust estate, and shall be held, managed and distributed as hereinafter provided.

\* \* \*

## ARTICLE 2

### DISTRIBUTION OF INCOME AND PRINCIPAL

2.1     DURING THE LIFETIME OF SETTLOR: During the lifetime of the Settlor, the Trustee shall pay to or apply for the benefit of the Settlor such sums of the trust estate income and principal as may be necessary to maintain the Settlor's standard of living or as may be requested by the Settlor from time to time.  Any trust net income not distributed shall be added to the Trust as principal.

2.2     PAYMENT TO OTHERS:  The Settlor may at any time direct the Trustee in writing to pay single sums or periodic payments out of the trust estate to any other person or organization.  The Settlor's power to so direct the Trustee shall be personal to the Settlor, except that this power may be exercised by the Settlor's conservator, or by the agent named in a Settlor's durable power of attorney authorizing such a power, to the extent that payments to one or more persons or organizations qualify for the annual federal gift tax exclusion.  If the Settlor becomes incapacitated, as defined in paragraph 2.3 of ARTICLE 2 of this Trust, the Trustee shall be permitted to continue to make periodic payments to such persons or organizations, under the same terms and conditions, as if the Settlor had not become incapacitated.

2.3     PAYMENT OF PRINCIPAL DURING SETTLOR'S DISABILITY: If at any time as certified in writing by **two (2) licensed physicians**, the Settlor has become physically or mentally incapacitated, whether or not a court of competent jurisdiction has declared the Settlor incompetent, mentally ill, or in need of a conservator, the Trustee shall pay to or apply for the benefit of the Settlor, or the Trustee may pay to the Conservator of the Settlor, the amount of net income and principal from the trust estate necessary in the Trustee's discretion for the proper health, support, and maintenance of the Settlor in accordance with the Settlor's accustomed manner of living at the date of this instrument, until the Settlor, either in the Trustee's discretion or as certified by **two (2) licensed physicians,** is again able to manage the Settlor's own affairs, or until the earlier death of said Settlor.  Any income in excess of the amounts paid to or applied for the benefit of the Settlor shall be accumulated and added to principal of the trust estate.

2.4     AFTER THE DEATH OF SHIRLEE KANDLE: Upon the death of SHIRLEE KANDLE, and after the payment of expenses, debts and taxes, including interest and penalties, the Trustee shall distribute the remaining trust estate, including any assets subsequently added to the trust estate as follows:

2.4.1   Specific Bequest. The Trustee shall distribute the sum of Twenty-five Thousand Dollars ($25,000.00) to the Settlor's granddaughter, TRENA LANGAN, provided she survives the Settlor by thirty (30) days. If TRENA LANGAN is deceased or fails to survive the Settlor by thirty (30) days, this gift shall lapse and be distributed with the balance of the trust estate. This gift shall be free of any administrative expenses and taxes.

2.4.2 Personal Property. The Trustee shall distribute the Settlor's piano and any other furniture, fixtures, and household items she wishes to have to TRENA LANGAN, free of any administrative expenses and taxes. All other items of a personal nature not distributed to TRENA shall be sold and the net sale proceeds shall become part of the residue of the trust estate.

2.4.3 Balance of Trust Estate. The Trustee shall distribute the balance of the trust estate as follows:

2.4.3.1 An Undivided One-Third (1/3) Share Of The Remaining Trust Estate To DEBORAH E. McINTYRE. The Trustee shall distribute an undivided one-third (1/3) share of the remaining trust estate to DEBORAH E. McINTYRE provided she survives the Settlor by thirty (30) days. If DEBORAH E. McINTYRE predeceases the Settlor or fails to survive the Settlor by thirty (30) days, the share of the trust estate that would have been distributed to DEBORAH E. McINTYRE shall be distributed to TRENA LANGAN. If TRENA LANGAN is deceased, the share of the trust estate that would have been distributed to DEBORAH E. McINTYRE shall be distributed to the then living issue of TRENA LANGAN by right of representation. If TRENA LANGAN is not survived by issue, the share of the trust estate that would have been distributed to DEBORAH E. McINTYRE shall equally augment the shares to be distributed in paragraphs 2.4.3.2 and 2.4.3.3 below.

2.4.3.2 An Undivided One-Third (1/3) Share Of The Remaining Trust Estate To STEVEN A. SWARTZ. The Trustee shall distribute an undivided one-third (1/3) share of the remaining trust estate to STEVEN A. SWARTZ provided he survives the Settlor by thirty (30) days. If STEVEN A. SWARTZ predeceases the Settlor or fails to survive the Settlor by thirty (30) days, the share of the trust estate that would have been distributed to STEVEN A. SWARTZ shall be distributed to KYLE SWARTZ. If KYLE SWARTZ is deceased, the share of the trust estate that would have been distributed to STEVEN A. SWARTZ shall be distributed to the then living issue of KYLE SWARTZ by right of representation. If KYLE SWARTZ is not survived by issue, the share of the trust estate that would have been distributed to STEVEN A. SWARTZ shall equally augment the shares to be distributed in paragraph 2.4.3.1 above and paragraph 2.4.3.3 below.

2.4.3.3 An Undivided One-Third (1/3) Share Of The Remaining Trust Estate To RONALD KANDLE. The Trustee shall distribute an undivided one-third (1/3) share of the remaining trust estate to RONALD KANDLE provided he survives the Settlor by thirty (30) days. If RONALD KANDLE predeceases the Settlor or fails to survive the Settlor by thirty (30) days, the share of the trust estate that would have been distributed to RONALD KANDLE shall equally augment the shares to be distributed in paragraphs 2.4.3.1 and 2.4.3.2 above.

2.4.4 Default Provision. If at the Settlor's death all of the beneficiaries hereinabove are then deceased and no other disposition of the trust property is directed by this Trust, the trust estate shall be distributed to the then living heirs of the Settlor, their identities and shares to be determined according to the laws of the State of California then in effect relating to separate property not acquired from a previously deceased spouse.

## ARTICLE 3

### SETTLOR'S POWERS

3.1     POWER TO REVOKE: During the lifetime of the Settlor, this Trust may be revoked in whole or in part with respect to property of the Settlor by an instrument in writing signed by the Settlor and delivered to the Trustee. If this instrument is revoked with respect to all or a major portion of the assets subject to the instrument, the Trustee shall be entitled to retain sufficient assets reasonably necessary to secure payment of liabilities lawfully incurred by the Trustee in the administration of the Trust, including the Trustee's fees that have been earned, unless the Settlor shall indemnify the Trustee against loss or expense.

3.2     POWER TO AMEND: The Settlor may at any time amend any of the terms of this instrument by an instrument in writing signed by the Settlor and delivered to the Trustee. No amendment substantially increasing the Trustee's duties or liabilities or changing the Trustee's compensation shall be valid without the Trustee's written consent. The Trustee shall not be obligated to act under any amendment unless the Trustee accepts it. If the Trustee is removed for failure to accept an amendment, the Settlor shall pay to the Trustee any fees due and shall indemnify the Trustee against all liabilities that the Trustee has incurred in administering the Trust.

3.3     ADDITIONS TO TRUST: Other property may be added to this Trust by the Settlor, by the will or codicil of the Settlor, by the proceeds of life insurance presently in force, and (with the consent of the Trustee and the Settlor) by any other person or means.

3.4     AGENT NAMED UNDER DURABLE POWER OF ATTORNEY FOR PROPERTY IS AUTHORIZED TO AMEND, CREATE AND REVOKE THE TRUST: If the Settlor executes and delivers a Durable Power of Attorney for Property Management and allows the agent named therein to amend, create or revoke the Settlor's revocable living trust in accordance with section 4264(a) of the California Probate Code, then the Settlor's revocable living trust shall be so amended, created, or revoked.

*   *   *

## ARTICLE 4

### POWERS AND DUTIES OF TRUSTEE

4.1    POWERS OF TRUSTEE: To carry out the purposes of any trust created under this instrument and subject to any limitations stated elsewhere in the declaration of trust, the Trustee is vested with the following powers with respect to the trust estate and any part of it, in addition to those powers now or hereafter conferred by law:

4.1.1  Retain Property. To continue to hold any property and to operate at the risk of the trust estate any business or property that the Trustee receives or acquires under the trust as long as the Trustee deems advisable.

4.1.2  Sell, Purchase, Exchange and Repair. To manage, control, grant options on, sell (for cash or on deferred payments), convey, exchange, partition, divide, improve, and repair trust property and to purchase property for the trust estate.

4.1.3  Lease. To lease trust property for terms within or beyond the terms of the trust and for any purpose, including exploration for and removal of gas, oil and other minerals; and to enter into community oil leases, pooling, and unitization agreements.

4.1.4  Borrow. To borrow money, and to encumber or hypothecate trust property by mortgage, deed of trust, pledge, or otherwise, for the debts of the Trustee or a co-owner of trust property; to borrow money from the Settlor or from Settlor's probate estate.

4.1.5  Power to Insure. To carry, at the expense of the trust, insurance of such kinds and in such amounts as the Trustee deems advisable to protect the trust estate and the Trustee against any hazard.

4.1.6  Commence or Defend Litigation. To commence or defend such litigation with respect to the trust or any property of the trust estate as the Trustee may deem advisable, at the expense of the trust.

4.1.7  Compromise Claims. To compromise or otherwise adjust any claims or litigation against or in favor of the trust.

4.1.8  Invest. To invest and reinvest funds in every kind of property, real, personal, or mixed, and every kind of investment, specifically including, but not limited to, corporate obligations of every kind; preferred or common stocks; shares of investment trusts, investment companies, and mutual funds; life insurance policies; notes, real estate, bonds, debentures, mortgages, deeds of trusts, mortgage participations, market funds and index funds appropriate under the then prevailing circumstances (specifically including, but not limited to, the factors set out in Probate Code section 16047(c):  (1) general economic conditions; (2) possible effect of inflation/deflation; (3) the

-7-

expected tax consequences of investment decisions or strategies; (4) the role that each investment or course of action plays within the overall trust portfolio; (5) the expected total return from income and the appreciation of capital; (6) other resources of the beneficiaries known to the trustee as determined from information provided by the beneficiaries; (7) need for liquidity, regularity of income, and preservation or appreciation of capital; (8) an asset's special relationship or special value, if any, to the purposes of the trust or to one or more of the beneficiaries. In so doing, the Trustee shall exercise care, skill, and caution to attain the Settlor's goals under this instrument. The Trustee shall consider individual investments as part of an overall investment strategy having risk and return objectives reasonably suited to the purposes of the trust. The Trustee's investments may include stock in, or any common trust fund administered by, the Trustee or stock in any entity owned by the Trustee or that owns the Trust.

4.1.9 Manage Securities. With respect to securities held in the trust, to have all the rights, powers, and privileges of an owner, including, but not by way of limitation, the power to vote, give proxies, and pay assessments; to participate in voting trusts, pooling agreements, foreclosures, reorganizations, consolidations, mergers, liquidations, sales, and leases, and incident to such participation to deposit securities with and transfer title to any protective or other committee on such terms as the Trustee may deem advisable; and to exercise or sell stock subscription or conversion rights.

4.1.10 Employ Investment Experts. To employ, at the expense of the trust estate, professional, independent and disinterested investment or financial experts for the purpose of advising on the investment and reinvestment of the trust estate in every kind of property, real, personal, or mixed, and every kind of investment and to rely on the advice given by these experts; and the Trustee shall not be liable for any neglect, omission, or wrongdoing of any such investment or financial expert so employed if reasonable care was exercised by said Trustee in the selection.

4.1.11 Employ Agents. To employ any attorney, accountant, broker, tax specialist, custodian, or other agent deemed necessary in the discretion of the Trustee, and to rely on the advice of said agent; and to pay from the trust estate reasonable compensation for all services performed by any of them; and the Trustee shall not be liable for any act, omission, or default of any such agent so employed if reasonable care was exercised by the Trustee in the selection.

4.1.12 Distribution of Trust Property. To partition, allot, and distribute the trust estate, on any division of trust shares or on partial or final distribution of the trust estate, in undivided interests or in kind, or partly in money and partly in kind, at valuations determined by the Trustee, and to sell such property on such terms and conditions as the Trustee may deem necessary to make the division or distribution. In making any division of trust shares or on partial or final distribution of the trust estate, the Trustee shall be under no obligation to make a pro rata division, or to distribute the same assets to beneficiaries similarly situated; but rather, the Trustee may in the Trustee's discretion, make a non-pro rata division between trusts or shares and non-pro rata distributions to such beneficiaries, as long as the respective assets allocated to separate trusts or shares and distributed to such beneficiaries, have equivalent or proportionate fair market value.

-8-

4.1.13  Hold Securities in Name of Trustee or Nominee.  The Trustee shall have the power to hold securities or other property in the Trustee's name under this trust, or in the Trustee's own name, or in the name of a nominee, or the Trustee may hold securities unregistered in such condition that ownership shall pay by delivery.

4.1.14  Loans and Purchases with Estate.  To make loans to any person, including the Settlor and the legal representatives of the Settlor's probate estate, on such terms and conditions as Trustee shall determine; and to purchase and retain as assets of this trust, any real or personal property in the Settlor's probate estate at the fair market value thereof on the date of purchase.

4.1.15  Adjustment for Tax Consequences.  To take any action and to make any election, in the Trustee's discretion, to minimize the tax liabilities of this trust and its beneficiaries as the Trustee in the Trustee's sole discretion shall determine, and to allocate the benefits among the various beneficiaries as the Trustee in the Trustee's sole discretion shall determine, and to make adjustments in the rights of beneficiaries, or between the income and principal accounts, to compensate for the consequences of any tax election or any investment or administrative decision that the Trustee believes has had the effect of directly or indirectly preferring one beneficiary or group of beneficiaries over others.

4.1.16  Release of Powers.  To release or to restrict the scope of any power that the Trustee may hold in connection with the trust created under this instrument, whether such power is expressly granted in the instrument or implied by law.  The Trustee shall exercise this power in a written instrument executed by the Trustee, specifying the powers to be released or restricted and the nature of the restriction.

4.1.17  Partnerships.  The Trustee shall have the power to engage in business as a general or limited partner.

4.1.18  Power of Attorney.  The Trustee, in the Trustee's discretion, shall have the power to grant a special power of attorney to another party.  Any power of attorney the Trustee creates pursuant to this power shall cease when the appointing Trustee ceases to act as Trustee.

4.1.19  Defer Death Tax.  The Trustee, in the Trustee's discretion, shall have the power to elect pursuant to Sections 6161 or 6166 of the Internal Revenue Code of 1986, or pursuant to any other sections of federal, state or foreign law that permit the extension of time to file or pay, or that permit the payment of death tax in such installments as the Trustee may deem advisable, or to seek an extension of time to pay any part or all of the death tax, notwithstanding that the effect of such extension or election will be to defer the final settlement of the Settlor's death tax liability and to subject the Trust to interest charges.

4.1.20  Payment of Federal and State Estate Taxes.  Federal estate taxes and state estate taxes and inheritance taxes, if any, or other death taxes, imposed on or by reason of the inclusion of any portion of the trust estate or assets outside the trust estate (including but not limited to joint tenancy,

life insurance proceeds, retirement benefits), in the gross taxable estate of the Settlor under the provisions of any federal tax law, shall be paid by the Trustee and charged to, prorated among, or recovered from the trust estate or the persons entitled to the benefits under this Trust as and to the extent provided by any applicable tax law or any proration statute. "Death taxes" includes all estate and state death taxes, Internal Revenue Code section 2032A recapture taxes, and interest and penalties on such taxes. The trust estate includes property subject to probate administration that is directed to be added to the trust estate by reason of the Settlor's death. The Trustee is directed to seek reimbursement for such taxes paid by the Trustee from the recipients of property subject to any such tax to the fullest extent permitted by law. Any generation skipping transfer taxes shall be allocated in accordance with the Internal Revenue Code section 2603 as amended from time to time.

4.2    ADDITIONAL PROVISIONS CONCERNING TRUSTEE: The following additional provisions shall be applicable to any person or entity acting as the Trustee hereunder:

4.2.1 Resignation of Trustee. Any Trustee or successor Trustee may resign at any time and be discharged from acting as a Trustee of any trust by giving written notice of its resignation, duly acknowledged, to any remaining co-Trustee or to the adult beneficiaries. The notice shall be served personally or by certified or registered mail, postage prepaid, return receipt requested, and shall specify the date when the resignation shall take effect. The effective date of the resignation shall be at least thirty (30) days after the service or mailing thereof, unless the person or persons to whom notice of the resignation shall have been given shall otherwise consent. The then adult beneficiaries, unless a successor Trustee is designated or otherwise appointed as provided in this trust instrument, may, by action of a majority in interest, in a written instrument, duly acknowledged, designate a successor trustee for the trusts herein created. Upon resignation, if there is no person or entity named to act as successor Trustee, a successor Trustee may be appointed by a court of competent jurisdiction upon petition of the resigning Trustee or of any person interested in this trust.

4.2.2 Powers Pass to Successor. A successor Trustee shall succeed as the Trustee with like effect as though originally named as such herein. All authorities and powers conferred upon the original Trustee hereunder shall pass to the successor Trustees.

4.2.3 Bond Waived. No Trustee or successor Trustee specifically named herein is required to give bond.

4.2.4 Physical Division Required. Physical division of the assets into the separate share trusts shall be required and the Trustee is directed to keep separate books and records for each trust account.

4.2.5 Accounting by Trustee. A Trustee or successor Trustee may at the Trustee's discretion account to the adult beneficiaries of this trust and, to the extent permitted by law, their written approval shall bind minors and contingent beneficiaries. A beneficiary shall have 180 days from delivery of an accounting to object to the Trustee's transactions. Failure to so object shall constitute acceptance of the accounting.

4.2.6 Principal and Income. The determination of all matters with respect to what is principal and income of the trust estate and the apportionment and allocation of receipts and expenses between these accounts shall be governed by the provisions of the Uniform Principal and Income Act, as amended. Any such matter not provided for either in this instrument or in the Uniform Principal and Income Act shall be determined by the Trustee in the Trustee's discretion subject to the California law governing trusts of this nature.

4.2.7 Abandonment of Property. The Trustee is authorized to abandon any property or interest in property belonging to the trust when such abandonment is in the best interest of the Trust and its beneficiaries.

4.2.8 Voting by Trustees. Where more than one party is acting as Trustee, a majority vote shall control all actions of the Trustee unless directed differently in this instrument. If an acting Trustee is the beneficiary of any discretionary power or right given the Trustee in this instrument, that party cannot participate in the exercise of that power for that party's own benefit.

4.2.9 Safe Deposit Box and Bank Accounts. Any party acting as Trustee shall have the right to enter the Trust safe deposit box and any safe deposit box maintained by Settlor. Bank, savings and loan accounts, brokerage accounts of the Trust may be operated by and withdrawals made by any one of the Trustees then acting.

4.2.10 Exculpatory Clause. No Trustee designated in this instrument shall be liable to any beneficiary or to any heir of the Settlor for the Trustee's acts or failure to act, except for willful misconduct or gross negligence. No Trustee shall be liable or responsible for any act, omission, or default or any other Trustee provided that the Trustee shall have had no knowledge of facts that might reasonably be expected to put the Trustee on notice of it.

4.2.11 Compensation of Trustee. The Trustee hereof shall be reimbursed for Trustee's expenses of administration when necessary for trust administration.

4.2.12 Notice to Trustee. Unless the Trustee receives actual written notice of an event affecting a beneficial interest in this Trust, the Trustee shall not be liable to any beneficiary for making distributions as though the event had not occurred.

\* \* \*

-11-

## ARTICLE 5

### GENERAL PROVISIONS

5.1    SPENDTHRIFT PROVISION: No interest in the principal or income of the trust estate or any Trust created hereunder shall be anticipated, assigned, or encumbered, or subject to any creditor's claim or to legal process, prior to its actual receipt by the beneficiary.

5.2    PAYMENTS TO BENEFICIARY UNDER DISABILITY: The Trustee in the Trustee's discretion may make payments to a minor or other beneficiary under disability by making payments to the custodian for the minor, the guardian or conservator of his or her person, or the Trustee may apply payments directly for the beneficiary's benefit. The Trustee in the Trustee's discretion may make payments directly to a minor if in the Trustee's judgment he or she is of sufficient age and maturity to spend the money properly.

5.3    UNENFORCEABLE PROVISIONS: If any provision of this instrument is unenforceable, the remaining provisions shall nevertheless be carried into effect.

5.4    CALIFORNIA LAW APPLICABLE: The validity of this trust and the construction of its provisions shall be governed by the internal laws of the State of California in force from time to time; the laws of California shall govern regardless of any change of residence of the Settlor, a Trustee or any beneficiary, or the appointment or substitution of a Trustee residing or doing business in another state. This Trust and all its provisions and beneficiaries shall specifically be subject to the terms and provisions of Sections 17200 to 17210 of the California Probate Code, as amended, which statutes pertain to court jurisdiction over living trusts.

5.5    ISSUE AND CHILDREN: As used in this declaration of trust, the terms "issue," "child," and "children" (a) shall refer to persons either conceived, born, or adopted during a valid marriage while under the age of eighteen years at the date of adoption and (b) shall include children born out of wedlock, provided a parent-child relationship exists.

5.6    GENDER AND NUMBER: As used in this instrument, the masculine, feminine, or neuter gender and the singular or plural number, shall each be deemed to include the others whenever the content so indicates.

5.7    TITLE TO TRUST PROPERTY: Legal title to all property held in trust hereunder shall be and remain vested in the Trustee and successor Trustees, as shall from time to time be acting hereunder, without any act of conveyance or transfer to, by, or from any succeeding or retiring Trustee.

5.8    EXERCISE OF POWERS: Powers exercisable by will, codicil or other written instrument do not require that the will or codicil be admitted to probate in any jurisdiction but do require that the will, codicil or other written instrument be filed with the Trustee prior to the death of the party

-12-

exercising the power.

5.9     NO CONTEST CLAUSE:  If any beneficiary under this Declaration of Trust ("Trust "), or the Settlor's Will, or any issue of such beneficiary, or any legal heir of the Settlor or any person claiming under any of them shall, in any manner, directly or indirectly, singly or in conjunction with any other person,

Contests or attacks the Settlor's Will ("Will"), or this Declaration of Trust, or

Seeks to impair or invalidates any of the provisions of the Will or this Trust, or

Attempts to thwart the Settlor's estate plan by claiming constructive trust theory and/or an alleged oral or written agreement that the Settlor agreed to bequeath or give anything to such person or entity, or

Attempts to diminish the amount of property passing under the provisions of this Trust or the Settlor's Will, or

Attacks or seeks to impair or invalidate any of the following: any gift which the Settlor has made or will make during the Settlor's lifetime; (whether or not such attack or attempt is successful); or

Attacks or seek to invalidate any transaction taken by TRENA LANGAN while acting as my co-Trustee or sole Trustee during my lifetime: (whether or not such attack or attempt is successful); or

Files a creditor's claim in the Settlor's probate estate or against this Trust (without regard to its validity); or

Objects to any construction or interpretation of the Settlor's Will or this Trust or any provision of either document, that is adopted or proposed by the executor and/or Trustee;

Participates in any of the above, such as conspiring with or voluntarily assisting any person who takes any of the above actions,

then in that event the Settlor specifically disinherits such contesting person and all interests given under the Will and this Trust or any other trust, or any other document, to that contesting person shall be determined as it would have been determined had such beneficiary predeceased the Settlor without surviving issue.

The Trustee is authorized to defend, at the expense of the trust estate, any contest or attack of any nature on any document or with respect to any transfer of property to the Settlor, or against the Settlor's probate estate.

Notwithstanding the foregoing, a "contest" shall include any similar action to the above in an arbitration proceeding.

In the event any provision of this "No Contest Clause" is found to be unenforceable by any court of competent jurisdiction, the remaining provisions of this paragraph shall be deemed severable from such unenforceable provision, and the remaining provisions shall be given full force and effect.

5.10  NO IMPUTED INTEREST: The Trustee shall not be liable for the payment of interest to any beneficiary entitled to a distribution of cash, property or a right to income unless the right to interest is given the beneficiary by specific provisions of this instrument.

5.11  TITLES AND CAPTIONS: All paragraph titles or captions contained in this instrument are for convenience only and shall not be deemed a part of this Trust instrument.

The Settlor and the Trustee execute this Declaration of Trust effective as of the date on the top of the front page of this Declaration of Trust. SHIRLEE KANDLE has read the foregoing Restatement of Declaration of Trust. It correctly states the terms and conditions under which the trust estate is to be held, managed, and distributed by the Trustee. The Settlor approves the Restatement of Declaration of Trust in all particulars and the Trustee accepts the Trust.

SETTLOR

SHIRLEE KANDLE, Settlor

TRUSTEE

SHIRLEE KANDLE, Trustee

TRENA LANGAN, Trustee

STATE OF CALIFORNIA )
                                        ) ss.
COUNTY OF ORANGE )

On ⁵|²⁵ 2006, before me, Debra M. Olse Notary Public personally appeared SHIRLEE KANDLE and TRENA LANGAN, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose names are subscribed to the within instrument, and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____
        Notary Public

DEBRA M. OLSEN
Commission # 1519319
Notary Public - California
Orange County
My Comm. Expires Nov 11, 2008

-14-

## SHIRLEE KANDLE REVOCABLE FAMILY TRUST
### AS RESTATED AND AMENDED
### Schedule "A"

PERSONAL PROPERTY

All of the Settlor's right, title and interest in and to all of the Settlor's automobiles, jewelry, household furniture and furnishings, silverware, books, paintings, pictures, works of art, clothing and all other personal effects, including all policies of insurance on such property but subject to any liens or encumbrances thereon.

INVESTMENT ACCOUNTS

Edward Jones

Fidelity Investments

## ASSIGNMENT

SHIRLEE KANDLE, without consideration and in order to change formal title only, does hereby transfer and assign to SHIRLEE KANDLE and TRENA LANGAN as co-Trustee of the SHIRLEE KANDLE REVOCABLE FAMILY TRUST AS RESTATED AND AMENDED on May 25, 2006, all of her right, title and interest in and to all of her automobiles, jewelry, household furniture and furnishings, silverware, books, paintings, pictures, works of art, clothing and all other personal effects, including all policies of insurance on such property but subject to any liens or encumbrances thereon.

S.K.

Dated: 5/25/06

_Shirlee Kandle_
SHIRLEE KANDLE

### ACCEPTANCE BY TRUSTEE

We, the undersigned co-Trustees of the SHIRLEE KANDLE REVOCABLE FAMILY TRUST AS RESTATED AND AMENDED on May 25, 2006 do hereby accept said assignment of personal property including but not limited to automobiles, jewelry, household furniture and furnishings, silverware, books, paintings, pictures, works of art, clothing and all other personal effects, including all policies of insurance on such property but subject to any liens or encumbrances thereon.

S.K.

Dated: 5/25/06

_Shirlee Kandle_
SHIRLEE KANDLE, Trustee

Dated: 5/25/06

_Trena Langan_
TRENA LANGAN, Trustee

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE    )

On 5/25/06 before me, Debra M. Olsen Notary Public personally appeared SHIRLEE KANDLE and TRENA LANGAN, personally known to me ~~or proved to me on the basis of satisfactory evidence~~ to be the person whose names are subscribed to the within instrument, and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Debra M. Olsen_

DEBRA M. OLSEN
Commission # 1519319
Notary Public - California
Orange County
My Comm. Expires Nov 11, 2008

-16-

## ASSIGNMENT

SHIRLEE KANDLE and TRENA LANGAN, co-Trustees of the SHIRLEE KANDLE REVOCABLE FAMILY TRUST dated December 22, 1993 as amended 4/22/94, 5/9/97, 6/8/99, 2/8/2000, 12/17/01 and 7/24/04, without consideration and in order to change formal title only, does hereby transfer and assign to SHIRLEE KANDLE and TRENA LANGAN as co-Trustees of the SHIRLEE KANDLE REVOCABLE FAMILY TRUST AS RESTATED AND AMENDED on May 25, 2006, all of the Trust's right, title and interest in and to all of property held by them as co-Trustees of the SHIRLEE KANDLE REVOCABLE FAMILY TRUST dated December 22, 1993 as amended.

Dated: 5/25/06

_____
SHIRLEE KANDLE, co-Trustee

Dated: 5/25/06

_____
TRENA LANGAN, co-Trustee

STATE OF CALIFORNIA ) 
                     ) ss.
COUNTY OF ORANGE    )

On 5/25/06 before me, Debra M. Olsen Notary Pub personally appeared SHIRLEE KANDLE and TRENA LANGAN, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose names are subscribed to the within instrument, and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

DEBRA M. OLSEN
Commission # 1519319
Notary Public - California
Orange County
My Comm. Expires Nov 11, 2008

-17-

# GENERAL GRANT AND ASSIGNMENT

I, the undersigned, hereby assign, grant convey and transfer to myself and TRENA LANGAN, as co-Trustees of the SHIRLEE KANDLE REVOCABLE FAMILY TRUST AS RESTATED AND AMENDED on May 25, 2006 all of my right, title and interest in and to all of my property, personal and real property, including, but not limited to jewelry, clothing, household furniture and furnishings, other tangible articles of a personal nature, personal automobiles, stocks, and bank accounts. I direct that all of such property shall be held, administered and distributed in accordance with the terms of said Trust. I intend this General Grant and Assignment to be effective immediately and agree to execute any other documents reasonably necessary to perfect title to such assets in the name of the Trustee of said Trust. This General Grant and Assignment shall be binding upon my heirs, assigns, successors in interest, and personal representatives and shall be specifically enforceable. This General Grant and Assignment is subject to any presently existing encumbrances with respect to property conveyed. Notwithstanding the foregoing, the General Grant and Assignment shall not apply with respect to any qualified plan under Internal Code Section 401(a), IRA, life insurance policy or joint tenancy property.

Signed at Orange , California on May 25, 2006 .

_Shirlee Kandle_
SHIRLEE KANDLE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF ORANGE       )

On 5/25/06 before me, Debra M Olsen Notary Public personally appeared SHIRLEE KANDLE, personally known to me ~~or proved to me on the basis of satisfactory evidence~~ to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Debra M Olsen_

DEBRA M. OLSEN
Commission # 1519319
Notary Public - California
Orange County
My Comm. Expires Nov 11, 2008

# Exhibit B

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John J Stifter SB No 186586<br>1181 Puerta del Sol Ste 100<br>San Clemente CA 92673<br>TELEPHONE NO: 949-388-8228    FAX NO. (Optional): 949-388-8229<br>E-MAIL ADDRESS (Optional): john@stiftercorp.com<br>ATTORNEY FOR (Name): Steven Swartz, Petitioner | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>**MAY 08 2015**<br><br>ALAN CARLSON, Clerk of the Court<br>H. Potter<br>BY:    **H. POTTER**    ,DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: STEVEN SWARTZ

DEFENDANT: TRENA L. LANGAN

| **JUDGMENT** | | CASE NUMBER: |
|---|---|---|
| ☐ By Clerk    ☐ By Default    ☑ After Court Trial<br>☐ By Court    ☐ On Stipulation    ☑ Defendant Did Not<br>                                                       Appear at Trial | | 30-2013-00690473 |

## JUDGMENT

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☑ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on (date and time): May 8, 2015
      before (name of judicial officer):
   b. Appearances by:
      ☑ Plaintiff (name each):                          ☑ Plaintiff's attorney (name each):
      (1) STEVEN SWARTZ                               (1) John Stifter

      (2)                                              (2)
      ☐ Continued on Attachment 3b.

      ☐ Defendant (name each):                         ☐ Defendant 's attorney (name each):
      (1)                                              (1)

      (2)                                              (2)
      ☐ Continued on Attachment 3b.

   c. ☑ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632) ☑ was not ☐ was    requested.

Page 1 of 2

| PLAINTIFF: STEVEN SWARTZ | CASE NUMBER: |
|---|---|
| DEFENDANT: TRENA L. LANGAN | 30-2013-00690473 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:** ☑ THE COURT ☐ THE CLERK

4. ☐ **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is
   a. ☑ for plaintiff *(name each):* ~~STEVEN SWARTZ~~

   c. ☐ for cross-complainant *(name each):*

   and against defendant *(names):*
   TRENA L. LANGAN

   and against cross-defendant *(name each):*

   ☐ Continued on Attachment 5a.

   ☐ Continued on Attachment 5c.

   b. ☐ for defendant *(name each):*

   d. ☐ for cross-defendant *(name each):*

6. **Amount.**
   a. ☑ Defendant named in item 5a above must pay plaintiff on the complaint:

   c. ☐ Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| | | | | | | |
|---|---|---|---|---|---|---|
| (1) ☑ | Damages | $ 318,477.90 ✱ | (1) ☐ | Damages | $ |
| (2) ☐ | Prejudgment interest at the annual rate of    % | $ | (2) ☐ | Prejudgment interest at the annual rate of    % | $ |
| (3) ☑ | Attorney fees | $ 29,665.00 | (3) ☐ | Attorney fees | $ |
| (4) ☑ | Costs | $ 4723.00 | (4) ☐ | Costs | $ |
| (5) ☐ | Other *(specify):* | $ | (5) ☐ | Other *(specify):* | $ |
| (6) | **TOTAL** | $ 352,865.90 | (6) | **TOTAL** | $ |

   b. ☐ Plaintiff to receive nothing from defendant named in item 5b.
   ☐ Defendant named in item 5b to recover costs $
   ☐ and attorney fees $

   d. ☐ Cross-complainant to receive nothing from cross-defendant named in item 5d.
   ☐ Cross-defendant named in item 5d to recover costs $
   ☐ and attorney fees $

7. ☒ Other *(specify):* Trena L. Langan is hereby removed as trustee of the Shirlene Kandle Revocable Family Trust dated December 22, 1993 as amended.

✱ Pursuant to Probate Code 859.

Date:
May 8, 2015

☑ [signature] *Amos A. Malbag*
JUDICIAL OFFICER

Date: _____  ☐ Clerk, by _____, Deputy

**CLERK'S CERTIFICATE** *(Optional)*

(SEAL) SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

I certify that this is a true copy of the original judgment on file in the court.

Date:    MAY 08 2015       ALAN CARLSON

Clerk, by [signature] _____, Deputy
C. MORA

Page 2 of 2

JUD-100 [New January 1, 2002]                **JUDGMENT**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>STEVEN SWARTZ | DEFENDANTS<br><br>TRENA LANGAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>STIFTER LAW CORP<br>1181 Puerta del Sol, Suite 100, San Clemente, CA 92673<br>(949) 388-8228 | ATTORNEYS (If Known)<br>Jain Law Group<br>8 Corporate Park, Suite 300, Irvine, CA 92602<br>(949) 379-7165 |
| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to Determine Dischargeability of Debt Under Sections 523(a)(2), 523(a)(4), and 523(a)(6)
of the Bankruptcy Code

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☐ 12-Recovery of money/property – §547 preference
☐ 13-Recovery of money/property – §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
         actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

         (continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
         (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
         if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 352,865.90, plus interest |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>TRENA LANGAN | BANKRUPTCY CASE NO.<br>8:18-bk-12055-TA | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Hon. Theodor Albert |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>10/08/2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John J. Stifter | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE
## INSTRUCTIONS FOR JUDGE THEODOR C. ALBERT

1.    A COPY OF THESE INSTRUCTIONS MUST BE ATTACHED TO THE COPY OF THE COMPLAINT SERVED UPON EACH PARTY, <u>AND THE PROOF OF SERVICE OF THE SUMMONS AND COMPLAINT MUST INDICATE THAT SUCH COPY WAS SERVED THEREWITH.</u>

2.    These instructions apply only to parties represented by counsel.  If you do not have an attorney, you must appear at the status conference in person.

3.    The appearance at the status conference hearing may be made **by telephone** if arranged by calling **Court Call** at **(866) 582-6878** not later than **4:30 p.m.** the day prior to the court hearing date.  Any request for telephonic appearance made after the 4:30 p.m. deadline is disfavored, and must be court approved by contacting Judge Albert's Calendar Clerk, Elizabeth Steinberg at (714) 338-5382 <u>and</u> be accompanied by a suitable explanation for the lateness.

4.    If **Local Rule 7026-1** applies, counsel for the parties **MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN THE RULE.**

5.    Unless all defendants have defaulted, the parties shall file a Joint Status Report pursuant to **Local Rule 7016-1(a)(2)** at least **fourteen (14)  days** before the date of the status conference in a form substantially similar to **Local Form No. 7016-1.STATUS.REPORT**. <u>If **Local Rule 7026-1** applies, the parties must include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.</u>  If cooperation in the filing of a Joint Status Report cannot reasonably be obtained, a <u>Unilateral</u> Status Report is expected from each appearing party with an explanation of the reasons why a Joint Status Report was not filed.

6.    If no response to the complaint is timely filed, plaintiff may request entry of default by the Clerk or by the Court.

7.    If the parties dispute whether the adversary proceeding is **"core" or "non-core,"** they shall file points and authorities in support of their positions. Any party that

contends the proceeding is **"non-core"** shall file and serve its points and authorities at least **fourteen (14) days** before the status conference. Any response must be filed and served at least **seven (7) days** before the status conference.

8.    Failure to comply with these instructions may subject the responsible party to **sanctions**.

9.    Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment or failure to prosecute or defend diligently and the proceeding may be dismissed or judgment entered against the defaulting party.

10.   Any demand for jury trial on any issue must be filed by either the plaintiff or defendant(s) within 10 days of the filing of the first pleading contesting the issue(s).  Such demand must also contain a statement that the party does or does not consent to a jury trial conducted by the Bankruptcy Court.  Within 10 days of the service of the demand and statement of consent or non-consent, all other parties shall file and serve a statement of consent or non-consent to a jury trial conducted by the Bankruptcy Court.  See McCarthy v. Bronson, 906 F.2d 835 (2d Cir. 1990) certiorari granted in part 11 S. Ct. 578, 498 U.S. 1011, 112 L. Ed. 584, affirmed on other grounds, 111 S. Ct. 1737, 500 U.S. 136, 114 L. Ed. 2d 194.  See also LBR 9015-2 (a) and (b).  Failure to abide by this instruction shall be deemed a waiver of the right to a jury.

(revised 11/27/13)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1181 Puerta del Sol Suite 100, San Clemente CA 92673

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

**PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER SECTIONS 523(a)(2), 523(a)(4), AND 523(a)(6) OF THE BANKRUPTCY CODE; and EARLY MEETING OF COUNSEL, JOINT STATUS CONFERENCE INSTRUCTIONS FOR JUDGE THEODOR C. ALBERT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) ___10/13/2018___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com; dmf@txitrustee.com
  kgeorge@kosmalalaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) ___10/13/2018___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor In Pro Se**
Trena Langan
105 Sanctuary
Irvine, CA 92620

**Judge's Copy**
Santa Ana Division
U.S. Bankruptcy Court
Ronald Reagan Federal Building
**Attn: Chambers of Judge Albert**
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/13/2018 | Erin Dickey | _signature_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 3                    F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1181 Puerta del Sol Suite 100, San Clemente CA 92673

A true and correct copy of the foregoing document entitled: **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

---

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/19/2018  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
- Weneta M Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com; dmf@txitrustee.com kgeorge@kosmalalaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/19/2018  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Debtor In Pro Se**
Trena Langan
105 Sanctuary
Irvine, CA 92620

**Judge's Copy**
Santa Ana Division
U.S. Bankruptcy Court
Ronald Reagan Federal Building
Attn: Chambers of Judge Albert
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/19/2018 | Erin Dickey | *Erin Dickey* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.